## Drakesboro Coal, Coke and Mining Co. v. Brashears.

(Decided May 31, 1911.)

Appeal from Muhlenberg Circuit Court.

Settlement—Facts Known—Unsubstantial Error—A settlement made between the parties when they both knew the facts will not be disturbed for an error which was not substantially prejudicial, the settlement being substantially right.

WILLIS & MEREDITH for appellant.

TAYLOR & EAVES for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

Prior to February, 1908, the Drakesboro Coal, Coke & Mining Co. owned certain coal lands in Muhlenberg County which is leased to the Louisville and Atlanta Coal Co. to operate. S. A. Brashears was the superintendent of the operating company and also a large stockholder in it. The Company got into bad lines and to pay its men, Brashears borrowed $350.00 from a bank in his name, using the proceeds, $345.00 in paying the company's men. He credited himself on the books of the company by cash $345.00. After this by an agreement of the stockholders, the two companies were consolidated, the Drakesboro Company operating the plant from that time on, and issuing to Brashears and John C. Kittinger stock in lieu of the stock which they held in the Louisville and Atlanta Co. They owned then all the stock in that company. From that time on a new set of books were begun and on these books the new company was charged with the assets of the old company, and when it made payments on its obligations, it was credited by them on this account, the account being kept in the name of Brashears and Kittinger. Brashears was the manager of the new company. In the following fall he sold out to Kittinger and left its service. A settlement was then made between him and the new company by which it appeared that the new company owed him $420.00; $100.00 of this was paid to him, and the remainder not being paid, he brought this suit to recover it. The company by its answer pleaded that there was a mistake in the settlement; that Brashears had paid off while its manager the $350.00 note above referred to which he had given in his own

name to the bank, out of the assets of the new company, crediting himself as manager with the payment and charging the amount paid to the account of Brashears and Kittinger; that when the money was borrowed he had then been credited with the proceeds of the note, and that thus he was credited twice with the same money. The issue was made up, proof was taken, and on final hearing, the circuit court entered judgment in favor of Brashears. The Coal Company appeals.

It is shown in the evidence that the Louisville Atlanta Company at the time of the consolidation owed Brashears about $1200 according to the account on the books. This included the $345.00 gotten from the bank. This money had been borrowed from the bank for the company, and had been used by the company and should not have been credited to Brashears. It was the company's debt created in the name of the Superintendent because the credit of the company was bad; but as between him and the company, it, having received the benefit of the loan, should have paid the debt. If we disregard this credit the old company still owes Brashears, according to the books between $800.00 and $900.00. The money having been borrowed for the company the note was properly treated as a note of the company, paid out of its assets and charged to the account of Brashears and Kittinger. The payment of this note was proper under the arrangement by which the consolidation was made and Brashears having paid it as manager out of the money in his hands, was properly credited by the amount so expended. The only error in the book keeping was in crediting Brashears by the $345.00 when it was borrowed. But this was a mere mistake of book keeping and does not affect the rights of the parties; for if we take off this credit, there is still a balance due him from the old company. It is true a mistake was made, but not a mistake affecting the new company. What effect it might have as between Brashears and Kittinger we cannot determine on the record before us, and that question is not here decided as Kittinger is not a party to this action. When the settlement was made between Kittinger and Brashears, Kittinger knew how the books had been kept and knew how the credits had been entered. He knew all about the $345.00 transaction. The Court will not disturb the settlement then made, which was substantially right, on a matter of book keeping.

If the original transaction be regarded as a loan by Brashears to the Louisville and Atlanta Company, then that company owed him the amount and this debt of the old company was payable by the new company and chargeable to Brashears and Kittinger. The new company after this charge was made, still had money in its hands going to Brashears and Kittinger. It has not paid anything that it ought not to pay. The fact that Brashears has obtained a credit with the old company which he ought not to have had, does not affect the rights of the parties, when, if this credit is taken off, there will still be a balance coming to him from the old company.

Judgment affirmed.